UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>MARLON ISAAC GUEVARA-MEDINA,<br><br>                         Defendant. | Case No.: 18-mj-9443 BTM<br><br>**ORDER DENYING MOTIONS TO DISMISS**<br><br>**ECF NOS. 10, 15** |

Defendant, Marlon Isaac Guevara-Medina, has filed a motion to dismiss (ECF No. 10) and an amended motion to dismiss (ECF No. 15), arguing that the United Nations 1967 Protocol Relating to the Status of Refugees bars the United States from prosecuting him for violating 8 U.S.C. § 1325. For the reasons discussed below, the Court DENIES Defendant's motions.

**I.    BACKGROUND**

Defendant is a citizen of Honduras by birth and not a citizen of the United States. He left Honduras out of fear because he was being harassed and threatened by a gang. Prior to his entry into the United States, he spent two weeks in Los Algodones, Mexico.

On the evening of July 10, 2018, Defendant crossed over a fence into the United States rather than through a place designated for the entry of aliens. He was first observed by scope operators when he was about half a mile north of the Port of Entry. The scope operators lost track of Defendant when he hid in the brush. Defendant was eventually apprehended by a border patrol agent, who had tracked Defendant's footprints into the brush.

Defendant was charged with 18 U.S.C. § 1325(a)(2), for eluding examination or inspection by immigration officers. Defendant never told the border patrol agent that he was seeking asylum. At trial, Defendant admitted that when he crossed the international border, he did not intend to apply for asylum unless he was caught.

**II. DISCUSSION**

The Defendant, having been caught by the Border Patrol, intends to apply for asylum and argues that, therefore, Article 31(1) of the United Nations 1967 Protocol Relating to the Status of Refugees precludes prosecution of his violation of 8 U.S.C. § 1325. The Court first addresses whether the Protocol provides Defendant with any judicially enforceable rights.

"The United States acceded to the [United Nations Protocol Relating to the Status of Refugees] in 1968, though it did not sign the Convention itself." *Khan v. Holder*, 584 F.3d 773, 783 (9th Cir. 2009). "The Protocol bound parties to comply with the substantive provisions of Articles 2 through 34 of the United Nations Convention Relating to the Status of Refugees." *I.N.S. v. Stevic*, 467 U.S. 407, 416 (1984) (internal citations omitted). Article 31(1) of the Protocol provides that

> The Contracting States shall not impose penalties, on account of their illegal entry or presence, on refugees, who, coming directly from a territory where their life or freedom was threatened in the sense of Article 1, enter or are present in their territory without authorization, provided they present themselves without delay to the authorities and show good cause for their illegal entry or presence.

19 U.S.T. 6223. "However, the Protocol is not self-executing." *Khan*, 584

F.3d at 783. A "non-self-executing treaty does not by itself give rise to domestically enforceable federal law. *Id.* "Therefore, the Protocol does not have the force of law in American courts. Instead, the Supreme Court and our court have both stated that the Protocol serves only as a useful guide in determining congressional intent in enacting the Refugee Act of 1980, which sought to bring United States refugee law into conformity with the Protocol." *Id.* (internal quotations omitted). Accordingly, Defendant cannot rely on Article 31(1) of the Protocol to challenge his prosecution. *See United States v. Malenge*, 294 F. App'x 642, 644 (2d Cir. 2008) (rejecting the argument that prosecution for violations of 18 U.S.C. §§ 1546(a), 1544, and 1543 violated Article 31(1) of the Protocol because it "is not a self-executing treaty" and therefore does "not provide [defendant] with any judicially enforceable rights"); *United States v. Munoz*, 2017 WL 4922047, at *3 (D. Ariz. Oct. 30, 2017) (case law makes "clear that [d]efendant acquired no rights under the 1967 Protocol, including its incorporation of Article 31(1) of the United Nations Convention Relating to the Status of Refugees" and "accordingly cannot rely on these international agreements as a basis for dismissing his indictment").

Next, even assuming that the Protocol granted Defendant judicially enforceable rights, Defendant does not meet the requirements of Article 31(1), specifically that refugees "present themselves without delay to the authorities." *See* 19 U.S.T. 6223. Defendant, relying on 8 U.S.C. § 1158(a)(2)(B), argues that as long as he applies for asylum within one year of his illegal entry into the United States, he is deemed to have presented himself "without delay" for purposes of the Protocol. However, 8 U.S.C. § 1158(a)(2)(B) merely provides for a statute of limitations period in which asylum applications may be filed. Defendant cites no authority that relates 8 U.S.C. § 1158 to the Protocol. Under Article 31(1) of the Protocol, "contracting states are free to prosecute when refugees . . . fail to immediately notify authorities that they are seeking asylum and explain their illicit entry." *See United States v. Malenge*, 472 F. Supp. 2d 269, 273 (N.D.N.Y. 2007),

aff'd, 294 F. App'x 642 (2d Cir. 2008). Because Defendant hid in the brush after entry in an attempt to evade authorities, and did not intend to apply for asylum unless he was caught, he has not shown that the protections of Article 31(1) of the Protocol apply to him. *See United States v. Rojas-Marcano*, 2018 WL 1033200, at *2 (D.N.M. Feb. 22, 2018) ("Defendant and two other undocumented persons were attempting to conceal themselves under some brush when the agents found them. . . . Although Defendant's statements to the agents indicate that he is seeking asylum in the United States, he made such claim only after he was stopped and arrested by Border Patrol agents. He did not present himself 'without delay' to the authorities."); *United States v. Barry*, 500 F. Supp. 2d 125, 127 (N.D.N.Y. 2007) ("Because the facts, even as recounted by Defendant, indicate that Defendant committed criminal acts upon her attempted entry into the country and divulged her intention to seek asylum only after her repeated unsuccessful attempts to avoid detection clearly proved fruitless, the Government has a legitimate basis to proceed with the prosecution."); *Munoz,* 2017 WL 4922047, at *4 ("Article 31(1) protects asylum seekers who 'present themselves without delay to the authorities and show good cause for their illegal entry or presence.' Defendant did not do this. He did not appear at a U.S. port of entry and ask for asylum.").

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Defendant's motions to dismiss (ECF Nos. 10, 15).

IT IS SO ORDERED.

Dated: August 20, 2018

_____
Barry Ted Moskowitz, Chief Judge
United States District Court